UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYAN MARSHALL WEST,                    Case No. 23-11321
                    Plaintiff,
v.                                      Thomas L. Ludington
                                        United States District Judge
TAMMIE GIBSON,
                    Defendant.          Curtis Ivy, Jr.
_____/            United States Magistrate Judge

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT (ECF No. 12)**

I.      **PROCEDURAL HISTORY**

Plaintiff Bryan West filed a prisoner civil rights lawsuit that was transferred

to this Court on June 2, 2023.  (ECF No. 1).  Plaintiff alleges that Defendant nurse

Tammie Gibson failed to provide him adequate medical care between June 29,

2021, and July 7, 2021, at the Parnall Correctional Facility ("SMT") in Jackson,

Michigan.  Gibson moved for summary judgment on the basis of failure to exhaust

administrative remedies.  (ECF No. 12).  The motion is fully briefed and ready for

report and recommendation.  This case was referred to the undersigned for all

pretrial matters.  (ECF No. 9).

For the reasons below, the undersigned **RECOMMENDS** that the motion

for summary judgment be **GRANTED**.

## II.    DISCUSSION

### A.    <u>Standard of Review</u>

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is material if it might affect the outcome under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party."  *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ."  *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing if a party "fails to properly address another party's assertion of fact," then the court may "consider the fact undisputed for purposes of the motion").  "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'"  *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  The nonmoving party must "make an affirmative showing with proper evidence in order to defeat the motion."

*Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *see also Lee v. Metro. Gov't of Nashville & Davidson Cty.*, 432 F. App'x 435, 441 (6th Cir. 2011) ("The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute.") (internal quotation marks and citation omitted).  In other words, summary judgment is appropriate when "a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case. . . ." *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

That Plaintiff is *pro se* does not reduce his obligations under Rule 56. Rather, "liberal treatment of *pro se* pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006).  In addition, "[o]nce a case has progressed to the summary judgment stage, . . . 'the liberal pleading standards under *Swierkiewicz [v. Sorema, N.A.*, 534 U.S. 506, 512-13 (2002)] and [the Federal Rules] are inapplicable.'" *Tucker v. Union of Needletrades, Indus. & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005) (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)).  The Sixth Circuit has made clear that, when opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings and that a party's

"status as a *pro se* litigant does not alter [this] duty on a summary judgment motion." *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010); *see also United States v. Brown*, 7 F. App'x 353, 354 (6th Cir. 2001) (affirming grant of summary judgment against a *pro se* plaintiff because he "failed to present any evidence to defeat the government's motion").

B.   Exhaustion under the PLRA

Under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e *et seq.*, a prisoner may not bring an action "with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Congress enacted the provision to address the "outsized share" of prisoner litigation filings and to ensure that "the flood of nonmeritorious claims does not submerge and effectively preclude consideration of the allegations with merit." *Jones v. Bock*, 549 U.S. 199, 203-04 (2007). Put another way, the purpose of § 1997e(a) is to "reduce the quantity and improve the quality of prisoner suits[.]" *Porter v. Nussle*, 534 U.S. 516, 524 (2002). In addition, exhaustion "gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of [the agency's] procedures." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (internal quotation marks and citation omitted).

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones*, 549 U.S. at 211.  The prison's grievance process determines when a prisoner has properly exhausted his or her claim. *Id.* at 218 ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").  Even where a prisoner has made some attempts to go through the prison's grievance process, "[t]he plain language of the statute makes exhaustion a precondition to filing an action in federal court." *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

The prisoner "may not exhaust administrative remedies during the pendency of the federal suit." *Id.* (citations omitted); *see also Woodford*, 548 U.S. at 95 ("A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction. . . .").  That said, "the PLRA and Federal Rule of Civil Procedure 15 permit a plaintiff to amend his complaint to add claims that were exhausted after the commencement of the lawsuit, provided that the plaintiff's original complaint contained at least one fully exhausted claim." *Mattox v. Edelman*, 851 F.3d 583, 595 (6th Cir. 2017).

Finally, "inmates are not required to specifically plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216. Instead, failure to exhaust administrative remedies is an affirmative defense under the PLRA. *Id.* As a result, defendants bear the burden of proof on exhaustion. *Surles v. Andison*, 678 F.3d 452, 456 (6th Cir. 2012) ("A PLRA defendant bears the burden of proving that a PLRA plaintiff has not exhausted his administrative remedies.").

C.    Grievance Procedures at MDOC

Pursuant to Policy Directive 03.02.130, dated March 18, 2019, the administrative remedies available at the MDOC are as follows. First, the inmate must attempt to resolve issues with the staff member involved within two business days of becoming aware of a grievable issue.  (ECF 12-2, PageID.37, at ¶ Q). If the issues are not resolved within five business days, the inmate may file a Step I grievance using the appropriate form.  (*Id.*). If the inmate is dissatisfied with the Step I disposition, or does not receive a response by ten business days after the due date, he or she may file a Step II grievance using the appropriate form.  (*Id.* at PageID.39, ¶ DD).  Similarly, if the inmate is dissatisfied with the Step II response or does not receive a response by ten business days after the due date, the inmate may file a Step III grievance.  (*Id.* at PageID.40, ¶ HH). The matter is fully exhausted after the disposition of the Step III grievance.  *Surles*, 678 F.3d at 455

("A grievant must undertake all steps of the MDOC process for his grievance to be considered fully exhausted.").

    D.   <u>Analysis</u>

Defendant argues that she is entitled to summary judgment because Plaintiff did not file any grievances at Step III arising out of SMT before he filed his complaint, so no claim against her is administratively exhausted.  (ECF No. 12).

In his response, Plaintiff states that he has history of neurological issues for which he sought treatment in prison, including with Defendant Gibson.  He asserts that he filed grievances about deliberate indifference to medical needs "over several years, with no action taken until recently, after this suit was filed."  (ECF No. 20, PageID.71).  He next vaguely asserts that he was denied access to the administrative process.  (*Id.*).  He says a prisoner could die from a health issue waiting for the prison to respond to a grievance, and the response usually sides with prison staff.  (*Id.*).  He asserts that SMT staff denied him access to the forms needed to file grievances at all three steps.  (*Id.* at PageID.72).  Plaintiff acknowledged that it would be difficult to prove that the prison "denied him access to the advanced stages of the administrative process."  (*Id.* at PageID.74-75).  That said, Plaintiff also states that there are records showing he submitted Step I grievances but was unable to proceed further.  (*Id.* at PageID.75).

According to Defendant's Step III Grievance Report, Plaintiff indeed did not file any grievance to Step III arising out of SMT and during the time of the events alleged.  (ECF No. 12-3, PageID.45).  As Plaintiff mentioned, he filed some grievances while at SMT around the time of the events, but none were related to medical care and Defendant Gibson.  (ECF No. 21-1, PageID.87-90).  Thus, even if he had taken those grievance to Step III, they would not exhaust the claim against Gibson.

Plaintiff contradicts himself in his response brief.  He says he was not given forms to draft a Step I grievance, but he also says his Step I grievances were documented.  Were the Court to assume that Plaintiff had no means of obtaining a grievance form and thus could not file a Step I grievance, preventing a prisoner from filing a Step I grievance could render the grievance process unavailable.  If the grievance process is unavailable to a prisoner, the issue that would have been grieved need not be.  *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016) (an inmate "must exhaust available remedies, but need not exhaust unavailable ones.").

The problem with Plaintiff's argument is that it is only an argument.  A statement or argument made in a response brief is not evidence that can be considered in deciding a summary judgment motion under Fed. R. Civ. P. 56.  *See Smoot v. United Transp. Union*, 246 F.3d 633, 649 (6th Cir. 2001) ("[I]t is well settled that only admissible evidence may be considered by the trial court in ruling

on a motion for summary judgment." (quoting *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994)). There is no evidence, such as a sworn statement, that prison officials prevented Plaintiff from obtaining a Step I grievance form to grieve his issues against Gibson. Without evidence, the Court cannot accept Plaintiff's assertion that he was not given Step I forms so he could not have properly grieved the issue.

What is left is the fact, supported by evidence, that Plaintiff did not file a grievance against Gibson through all three steps required by MDOC policy. His failure to do so renders his claims unexhausted. Gibson's motion for summary judgment should be granted.

## III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Defendant's motion for summary judgment (ECF No. 12) be **GRANTED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:                                                   s/Curtis Ivy, Jr.
                                                        Curtis Ivy, Jr.
                                                        United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on May 29, 2024.

s/Sara Krause
Case Manager
(810) 341-7850